IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JULIAN SIFUENTES § | |
| § | |
| V. § | SA-15-CA-635-RP |
| § | |
| DETENTION HEALTH CARE § | |
| SERVICES, UNIVERSITY HOSPITAL, § | |
| SUSAN PAMERLEAU, and § | |
| RAUL BANASCO § | |

## ORDER

Before the Court is Plaintiff Julian Sifuentes's pro se complaint under 42 U.S.C. § 1983. The Court granted Sifuentes leave to proceed in forma pauperis (IFP). Sifuentes asserts various parties were deliberately indifferent to his medical needs caused by tuberculosis and hepatitis C, which he says he contracted while in custody at the Bexar County Adult Detention Center. For the reasons discussed below, Sifuentes's complaint is dismissed.

Sifuentes alleges he currently is awaiting trial in the Bexar County Adult Detention Center on charges of capital murder, aggravated robbery, and kidnapping. During his pretrial detention, he says, he contracted hepatitis C and tuberculosis and, as a result, has suffered damage to his lungs, liver, hearing, and vision. Sifuentes alleges officials at the Detention Center, and later at University Hospital, were deliberately indifferent to his conditions. Yet he also alleges the treatment he was given was unconstitutionally insufficient. He seeks a jury trial, declaratory relief, and monetary damages.

Under 28 U.S.C. § 1915(e)(2)(B), this Court must screen an IFP complaint and dismiss it if the Court determines the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from an immune defendant. An action is frivolous when there

is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To state a claim under the federal rules, a plaintiff need provide only a "short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). Though specific facts are not necessary, "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plaintiff must allege enough "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. To state a proper claim under § 1983, a plaintiff must allege that a state actor deprived the plaintiff of a constitutional right. 42 U.S.C. § 1983. Because Sifuentes is proceeding pro se, this Court is obligated to construe his pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

    Sifuentes's claims fail for several reasons. First, Detention Health Care Services is not an entity capable of being sued. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action); *Guidry v. Jefferson County Detention Center*, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding that the Jefferson County Detention Center is not a legal entity subject to suit). Therefore, Plaintiff's claims against the Detention Health Care Services should be dismissed. In his response to this Court's order for a more definite statement, Sifuentes specified George B. Hernandez as an official from Detention Health Care Services who he wanted to include in the lawsuit. But Sifuentes alleges no facts to support a claim against Mr. Hernandez; he states only that Mr. Hernandez "violated my 8th amendment by deliberate indifference." Doc. 8 at 2. This gives no more information than "the elements of a cause of action," *Iqbal*, 556 U.S. at 678, and is insufficient to state a claim on which relief may be granted.

Sifuentes's claim that he was denied medical assistance similarly is flawed. Sifuentes alleges University Hospital, Sheriff Susan Pamerleau, and Chief Raul Banasco were deliberately indifferent to his medical needs. Yet he explains in his response to the motion for a more definite statement that he was taken to the hospital and put on several medications in response to his positive tests for tuberculosis. He says he should have "been treated sooner and not put on Amikacin," one of the medications. Doc. 8 at 6. At worst, Sifuentes alleges an unsuccessful course of treatment or a disagreement with his medical treatment, neither of which constitutes deliberate indifference. *See Gobert v. Caldwell*, 463 F.3d 339, 346 & n.19 (5th Cir. 2006). To show deliberate indifference, Sifuentes needed facts showing the hospital or jail officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Id.* (quoting *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). Sifuentes alleges none of those things and, thus, falls short of stating a claim for deliberate indifference.

To the extent Sifuentes's claim can be construed against Bexar County, it still fails. A municipality, like Bexar County, can be liable for the unlawful actions of its officials only if the actions were pursuant to an official policy, practice, or custom. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978); *Kitchen v. Dallas County, Tex.*, 759 F.3d 468, 476–77 (5th Cir. 2014). Sifuentes does not allege what policy, practice, or custom either jail official was following when he allegedly was denied medical attention. Thus, there is no basis for liability against Bexar County.

The Court concludes that Sifuentes's allegations in his complaint fail to state a claim. Accordingly, Sifuentes's complaint is **DISMISSED WITH PREJUDICE** pursuant to

§ 1915(e)(2)(B).  It is further **ORDERED** that Sifuentes's motion for appointment of counsel (Document 6) is **DISMISSED** as moot.  It is finally **ORDERED** that the Clerk shall e-mail a copy of its order and judgment to the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

   **SIGNED** on August 26, 2015.

                                             /s/ Robert Pitman
                                             ROBERT L. PITMAN
                                             UNITED STATES DISTRICT JUDGE